**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**MBNA AMERICA (DELAWARE), N.A.,**

    **Plaintiff,**

**v.**                                                   **Case No. 8:05-CV-2114-T-27EAJ**

**GROUP INSURANCE CONCEPTS,**
**INC., et al.,**

    **Defendants.**

_____/

### REPORT & RECOMMENDATION

Before the court is **Plaintiff's Motion for Attorneys' Fees and Costs** (Dkt. 17).[1] Plaintiff

MBNA America ("MBNA") previously received a default judgment against Defendants and now

seeks attorneys' fees and expenses incurred in bringing this action.  As of the date of this order,

Defendants have not filed a response.

### I.  BACKGROUND

MBNA filed its complaint on November 17, 2005, alleging that Defendants defaulted on a

business credit card issued by Plaintiff and failed to repay $102,949.79 owed on the card.  (Dkt. 1).

Defendants did not respond to the complaint and the court entered a final default judgment on

February 22, 2006.  (Dkt. 16).

Plaintiff filed this motion for attorneys' fees and costs on March 17, 2006.  (Dkt. 17).

MBNA asserts that it is entitled to recover attorneys' fees and costs under the terms of the credit

---

[1]This matter has been referred to the undersigned by the district judge for consideration and
a Report and Recommendation. (Dkt. 19).  See Fed.R.Civ.P. 54(d)(2)(D); Local Rules 6.01(b) and
6.01(c), M.D. Fla.

card contract between Plaintiffs and Defendants.  Plaintiff states that it retained and incurred

attorneys' fees with two law firms in this matter: as general counsel Miles & Stockbridge incurred

$3,517.00 in attorneys' fees and $76.82 in costs, and as local counsel Mills Paskert Divers, P.A.

incurred $4,956.50 in attorneys' fees and $674.86 in costs.  (Dkt. 17 at 3-4).  Plaintiff submits

affidavits and billing statements detailing each attorney's time spent on specific tasks.  (Dkt. 17,

Exhibits C, D).

## II.   DISCUSSION

### A.  Attorneys' Fees

Federal Rule of Civil Procedure 54(d) requires that motions for attorneys' fees be filed no

later than 14 days after entry of judgment (unless otherwise ordered by the court), specify the

grounds entitling the moving party to the award, and state the amount or provide a fair estimate of

the amount sought.  Fed.R.Civ.P. 54(d)(2)(B).[2]  In the order entering final default judgment against

Defendants, the court allowed Plaintiff through March 17, 2006 to file a motion for attorneys' fees

and costs (Dkt. 16); Plaintiff's motion filed on that date is therefore timely.  In its motion, Plaintiff

specifies that it seeks an award of attorneys' fees based on the credit card agreement with

Defendants.  Plaintiff attaches a copy of the "Commercial Credit Agreement" Defendants entered

into with Plaintiff which provides that, in the event of default, Plaintiff may require Defendants to

pay the collection costs, including referral of the account to an outside attorney.  (Dkt. 17, Exhibit

B at 9).  Plaintiff also provides the exact amount of attorneys' fees sought for each law firm and

attorney Plaintiff retained in this action.  (Dkt. 17, Exhibits C, D).

---

[2]Local Rule 4.18 reiterates the 14-day period for filing a motion for attorneys' fees and adds that the pendency of an appeal does not toll the filing period.  Local Rule 4.18, M.D. Fla.

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth., 836 F.2d 1292, 1299 (11th Cir. 1988).[3] A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary. Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). As the Eleventh Circuit noted:

> "[t]he court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiff has requested attorneys' fees at different hourly rates for each individual who worked on the matter: $290.00 per hour for attorney Tessa Laspia Frederick, $160.00 per hour for paralegal Susan Lee,[4] $230.00 per hour for attorney Todd M. Reinecker, $225.00 per hour for

---

[3] Courts may also consider these twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the degree of skill necessary to serve the client properly; (4) the attorney's inability to accept other employment because he accepted the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of damages involved and the relief or results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. See Loranger, 10 F.3d at 781 n.6 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

[4] Services performed by paralegals are compensable under attorneys' fees provisions. See, e.g., Missouri v. Jenkins, 491 U.S. 274, 285 (1989) (allowing award for paralegal's work under attorneys' fee provision of 42 U.S.C. § 1988).

3

attorney Luis Martinez-Monfort, and $185.00 per hour for attorney Kelly J. McAuley.  (Dkt. 17,

Exhibits C, D).  The first three individuals work for Miles & Stockbridge, P.C., located in Baltimore,

Maryland; the latter two individuals are employed by Mills Paskert Divers P.A. in Tampa, Florida,

Plaintiff's local counsel.

Considering the skill, experience, and reputation of Plaintiff's attorneys and the prevailing

market rates in Tampa for this type of legal work,[5] the hourly rates Plaintiff claims for each

attorney's time is reasonable.  From a review of the court file and time sheets submitted, the number

of hours each attorney claims is not excessive, nor do these documents reflect redundant or

otherwise unnecessary hours.  Therefore the number of hours Plaintiff's attorneys spent were hours

reasonably expended on this matter.  Under the Eleventh Circuit's lodestar calculation, Plaintiff

should be granted an award of attorneys fees as follows: $3,393.00 for 11.70 hours of work by

attorney Tessa Laspia Frederick at $290.00 per hour; $32.00 for .20 hours of work by paralegal

Susan Lee at $160.00 per hour; $92.00 for .40 hours of work by attorney Todd M. Reinecker at

$230.00 per hour; $4,050.00 for 18.00 hours of work by attorney Luis Martinez-Monfort at $225.00

per hour; and $906.50 for 4.90 hours of work by attorney Kelly J. McAuley at $185.00 per hour.

Thus Plaintiff should be granted an award of attorneys' fees in the amount of $8,473.50.

**B.  Costs**

Rule 54(d) provides that costs other than attorneys' fees "shall be allowed as of course to the

prevailing party unless the court otherwise directs."  Fed.R.Civ.P. 54(d)(1).  Rule 54(d)(1) creates

a presumption in favor of awarding costs to the prevailing party that the opposing party must

---

[5]The reasonableness of an hourly rate is considered based on the location where the case is filed.  Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted).

overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). Here, the entry

of a default judgment against Defendants renders Plaintiff the prevailing party.

In taxing costs under Rule 54(d)(1), the district court may tax only those costs explicitly

authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

Under 28 U.S.C. § 1920, the following costs may be taxed: "(1) Fees of the clerk and marshal;

(2) Fees of the court reporter . . . ; (3) Fees and disbursements for printing and witnesses; (4) Fees

for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees

under section 1923 of this title; (6) Compensation of court appointed experts, compensation of

interpreters, and salaries, fees, expenses, and costs of special interpretation services under section

1828 of this title." 28 U.S.C. § 1920.

Here, Plaintiff's counsel Miles & Stockbridge claims $76.82 in costs; the firm of Mills

Paskert Divers documents $674.86 in costs. These totals include the following costs: $250.00 for

court filing fees, $220.00 for obtaining service of process, $97.21 for computer-assisted legal

research, $89.60 for photocopying, $50.30 for courier and messenger services, $36.03 for long-

distance telephone usage, $5.54 for postage, and $3.00 for faxes.

The $250.00 fee Plaintiff paid to the clerk of court for filing this action may be taxed as a

cost under 28 U.S.C. § 1920(1). Costs for service of process by a private process server may be

awarded as akin to "fees of the marshal" authorized by 28 U.S.C. §§ 1920(1) and 1921. EEOC v.

W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). However these costs may not exceed the amount

allowed  under statute for the United States Marshal's fees. See id. Currently, the United States

Marshal Service's ("USMS") fee for service of process in a civil case is $45.00 per hour or portion

thereof, plus 44.5 cents per mile traveled. Here, Plaintiff seeks $220.00 in costs for obtaining

service of process from private process servers.   This figure includes $40.00 for service on

Defendant Donald H. Pierce, $80.00 for service on Defendant Group Insurance Concepts, Inc., and

$100.00 for three separate attempts at service on Defendant Jamie L. Pierce.[6]  Hypothetically, the

fees that would be allowed under § 1921 for the USMS to attempt service of process on five separate

instances would be more than $225.00.[7]  As Plaintiff seeks to recover only $220.00 for costs of

service, this amount should be allowed to be taxed as costs under 28 U.S.C. § 1920(1).

Plaintiff seeks $97.21 in computer-assisted legal research costs for services such as "UCC

Search(es)," "Pacer Research," and Westlaw research.  Computer-assisted research is not an item

enumerated as a taxable cost under 28 U.S.C. § 1920.  Jones v. Unisys Corp., 54 F.3d 624, 633 (10th

Cir. 1995).  Several circuits have held that computer-assisted research is not a separately taxable

cost, but rather is compensated as part of attorneys' fees when such fees are awarded.  Attrezzi v.

Maytag Corp., 436 F.3d 32, 43 (1st Cir. 2006); United States ex rel. Evergreen Pipeline Constr. Co.

v. Merritt Meridian Constr. Co., 95 F.3d 153, 173 (2d Cir. 1996); Haroco, Inc. v. American Nat'l

Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440-41 (7th Cir. 1994); Standley v. Chilhowee R-IV

School Dist., 5 F.3d 319, 325 (8th Cir. 1983).  Plaintiff has not provided legal authority for awarding

the costs of computer-assisted legal research and the such an award is not authorized under statute.

In the absence of such authority, an award of costs for Plaintiff's legal research should be denied.

---

[6]Plaintiff paid its process server $40.00 for the first attempted service on Defendant Jamie
L. Pierce and $30.00 each for the second and third attempts.  See Dkt. 17, Exhibit A at 2-3.

[7]Five attempts to serve a party by the USMS at $45.00 per portion of hour would equal
$225.00.  This amount would also be increased by the number of miles traveled at 44.5 cents per
mile. Although Plaintiff does not document the number of miles the USMS would have had to travel
to make these five attempts at service, the mileage is irrelevant because Plaintiff claims as costs of
service less than $225.00, an amount clearly allowed by statute.

Photocopying costs may be recovered when "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue," and costs for "copies attributable to discovery" are recoverable under 28 U.S.C. § 1920(4). W&O, Inc., 213 F.3d at 623 (citing Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1989)). Although Plaintiff asserts it has incurred $89.60 for photocopies, it does not indicate the copies' use or intended use and thus whether Plaintiff could have reasonably believed it was necessary to make the copies. See Cullens, 29 F.3d at 1494 (affirming denial of photocopying costs where plaintiff did not present evidence regarding the documents copied) (citation omitted). The request for photocopying costs should be denied.

Long-distance telephone charges are appropriate under § 1920 "to the extent they are reasonable." Cullens, 29 F.3d at 1494 (citing Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983)). Plaintiff documents $36.03 in long-distance telephone charges associated with this action. Considering the fact that Plaintiff retained counsel in two different states, and that in order to confer and coordinate their activities in this case Plaintiff's counsel would necessarily incur some long-distance charges, $36.03 in long-distance charges is reasonable. An award of costs should include Plaintiff's long-distance telephone charges.

Postage is not a cost within the meaning of 28 U.S.C. § 1920. Hadix v. Johnson, 322 F.3d 895, 899-900 (6th Cir. 2003); Crowe v. Lucas, 479 F.Supp. 1258, 1263 (N.D. Miss. 1979) (excluding postage from award of costs in 42 U.S.C. § 1988 action); but see Miller v. Carson, 628 F.2d 346, 349 (5th Cir. 1980) (award of costs that included postage was not an abuse of discretion). Likewise, an award of costs for "faxes" or for messenger/courier services is not authorized by statute. Although Plaintiff lists these expenses as costs, Plaintiff does not provide any legal basis

7

for including these items in an award of costs.  Plaintiff's costs of $50.30 for messenger services, $5.54 for postage, and $3.00 for faxes should therefore be excluded from an award of costs.

**III.     RECOMMENDATION**

Accordingly, upon due consideration, it is hereby **RECOMMENDED** that:

(1)     Plaintiff's **Motion for Attorneys' Fees and Costs** be **GRANTED IN PART** and Plaintiff awarded $8,473.50 in attorneys' fees and $506.03 in costs for filing fees, obtaining service of process, and long-distance telephone usage, and **DENIED IN PART** as to Plaintiff's request for costs relating to computer-assisted legal research, photocopying, messenger services, postage, and faxes.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of April, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge.  See 28 U.S.C. §636(b)(1).

Copies to:
Counsel of Record
District Court Judge